UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-20672-CR-SEITZ

UNITED STATES OF AMERICA,

v.

EDDIE HUDSON,
_____/

## ORDER AFFIRMING REPORT & RECOMMENDATION

This matter is before the Court on Defendant's Objection to the Report and Recommendation (R&R) [DE 35] of the Honorable John J. O'Sullivan. Judge O'Sullivan's R&R recommends that the Court deny Defendant Hudson's Motion to Suppress [DE 18]. The Court has reviewed Judge O'Sullivan's thoughtful and thorough R&R, Defendant's objection [DE 37], the 18 exhibits admitted at and the transcript of the October 9, 2009 suppression hearing [DE-43], as well as the original motion to suppress [DE-18], the Government's response [DE-23], the Defendant's supplemental memorandum [DE-32] and the Government's response thereto [DE-33]. No written objections were filed by the Government. At the October 21, 2009 calendar call, the Court heard the Government's oral response to the Defendant's objection and the Defendant's oral reply.

The Defendant's motion to suppress, as supplemented, argues that the drugs, firearm, and ammunition were obtained as a result of an unlawful stop (no arguable suspicion of a crime), an unlawful detention and illegal search, and his post-*Miranda* statement admitting ownership of these items should be suppressed – the drugs, firearm and ammunition as "fruits of the poisonous tree" and the statement because it was produced under duress (his desire to protect his pregnant fiancee, Ms.

Velia, from going to jail). Defendant's objection concedes that his car's tinted windshield gave the police officer reasonable suspicion to conduct a traffic stop. [DE-37 at 6]. His objection focuses on the credibility determinations which found that the Defendant: (a) gave consent voluntarily to search his car; and (2) that his post-*Miranda* statement was not the product of coercion. Thus, he asks the Court to rehear the witnesses[1] in its *de novo* review, because denial of the motion to suppress was based solely on the Magistrate Judge's assessment of the witnesses' credibility. [*Id.* at 7].

The requirement that the district court conduct a *de novo* review of a magistrate judge's suppression recommendation does not mean that the court must rehear the testimony given before the magistrate judge. *United States v. Raddatz*, 447 U.S. 667 (1980). Instead, the district court has the discretion, when considering an objection to the recommendation, to decide how to proceed in its *de novo* determination of the suppression motion. *Id.* at 673-74.

Having conducted a *de novo* review of the record, the Court does not find it necessary to rehear the testimony of the witnesses. Having carefully reviewed the transcript of the suppression hearing with the exhibits admitted, and looking at all of the evidence in light of the totality of the circumstances, the Court finds that all of the Magistrate Judge's factual findings, including the finding that the Defendant gave consent to search his car and that the Defendant's post-*Miranda* statement was given voluntarily and not as the result of threats to arrest his fiancee are not clearly erroneous. In fact, the Court finds that based on the testimony in the transcript and the exhibits, such are the only

---

[1] Four witnesses testified at the suppression hearing. The Government called the arresting officer, Lang, his partner, Garcia, and Rousseau, one of the two detectives who interviewed the Defendant immediately after his arrest and obtained his statement admitting ownership of the firearm and narcotics. The Defendant also testified.

factual findings that a reasonable person could make. Moreover, the Court finds the Magistrate Judge's reasons for not crediting the Defendant's testimony[2] – i.e., that on this occasion, as opposed to Defendant's regular practice (DE-43 at 105), he did not consent to the search – are clearly articulated, amply supported by the evidence and consistent with the law on evaluating the credibility of witnesses. Likewise, his reasons[3] for not believing the Defendant's version of events in the car with Detectives Leon and Rousseau that produced his post-*Miranda* statement and the voluntariness of that statement are equally sound. Finally, the Magistrate Judge's legal conclusions reflect a correct application of the law to the facts in determining the propriety of the stop, the legality of the search and the voluntariness of the consent to search and post-*Miranda* statement.

For these reasons, it is hereby

ORDERED that:

(1) The Report and Recommendation of Magistrate Judge John O'Sullivan is RATIFIED, AFFIRMED, and made the Order of the District Court.

(2) Defendant's Objection [DE-37] is OVERRULED.

(3) Defendant Hudson's Motion to Suppress Evidence [DE 18] as supplemented [DE-32] is DENIED.

DONE AND ORDERED in Miami, Florida this 26th day of October, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record

---

[2] See DE-35 at 4-5, 11-12.

[3] DE-35 at 12-14. DE-35 at 6-8 notes the factual findings underlying these reasons.