UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CR-20672-GAYLES

UNITED STATES OF AMERICA

v.

EDDIE LEE HUDSON,

      Defendant.
_____/

### ORDER

**THIS CAUSE** comes before the Court on Defendant Eddie Lee Hudson's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582 (c)(1)(A) (the "Motion"). [ECF No. 191]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

**I.    BACKGROUND**

Defendant is a forty-year-old man currently incarcerated at the Federal Correctional Institution, Coleman Low ("FCI Coleman Low"), and has a projected release date of November 30, 2025.[1] In 2009, a grand jury charged Defendant with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts I and II); possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count III); and carrying and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count IV). [ECF No. 8]. With respect to count III, the indictment did not set forth a specific drug quantity. A jury found

---

[1] The Court ascertained the location of Defendant's current facility and his projected release date via www.bop.gov/inmateloc (accessed on July 2, 2025).

Defendant guilty of all four counts. [ECF No. 86]. Because Defendant was convicted of possessing with intent to distribute an unspecified quantity of cocaine base, he was subject to the penalties of 21 U.S.C. § 841(b)(1)(C).

Defendant's prior state conviction for possession with intent to sell cocaine and manslaughter with a deadly weapon subjected Defendant to an enhanced sentence as a career offender. As a career offender, Defendant's applicable sentencing guidelines range for Counts I, II, and III was 360 months' imprisonment to life imprisonment. United States District Judge William M Hoeveler[2] sentenced Defendant well below the applicable guideline range to a total of 228 months of imprisonment—concurrent sentences of 120 months for Counts I and II and 168 months for Count III, followed by a consecutive sentence of 60 months for Count IV. [ECF No. 94]. Defendant's sentence for Count III did not include a minimum mandatory sentence as a mere detectable amount of cocaine base did not meet the 5-gram threshold under § 841(b)(1)(B)(iii).

In the instant motion, Defendant asks the Court to reduce his sentence pursuant to § 3582 (c)(1). In particular, Defendant contends that, based on the First Step Act and subsequent changes in the law, his sentence is "unusually long" and therefore constitutes an extraordinary and compelling basis for his relief. [ECF No. 148].[3]

## II.   LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

---

[2] This case was later reassigned to the undersigned. [ECF No. 141].
[3] On October 9, 2020, the Court denied Defendant's request for a sentence reduction under the Fair Sentencing Act because his drug conviction under § 841(b)(1)(C) is not a "covered offense" under the First Step Act. [ECF No. 165].

upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2).

Thus, to grant the Motion, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017-BB, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

### III. DISCUSSION

It is undisputed that Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Accordingly, the Court must determine the merits of Defendant's request for a sentence reduction.

#### A. 3553(a) Factors

Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary" when considering a sentence of imprisonment. 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the

3

defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victim . . . ." *Id.*

Considering these § 3553(a) factors at the time of sentencing, Judge Hoeveler concluded that a term of 228 months' imprisonment was appropriate in this case. Defendant has not provided new and convincing evidence supporting a modification to his imposed sentence. *See United States v. Post*, No. 9:15-CR-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (holding sentence reduction not warranted in light of § 3553(a) factors where "much of the information that [defendant] provide[d] in his Motion was before the court at the time of his sentencing," and the imposed sentence was appropriate). In this case, Defendant was found in possession of a firearm only two days after his arrest for a separate incident of possessing a different firearm as a convicted felon. [PSR at 4-5]. Defendant's prior convictions include manslaughter with a deadly weapon (a firearm) and possession of cocaine with the intent to sell it. [PSR at 8-10]. Based on this history, the Court finds that any further reduction in sentence would undermine the goals of Defendant's original sentence and that the § 3553(a) factors do not support a modification of Defendant's sentence.

### B. Extraordinary and Compelling Reasons

Defendant also fails to establish an extraordinary and compelling reason for early release. Though undefined in § 3582(c)(1)(A)(i), extraordinary and compelling reasons under the Sentencing Guidelines include:

> (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents

4

an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S. Sentencing Guidelines Manual § 1B1.13(b)(6).[4]

The Court finds that Defendant fails to establish that his sentence was unusually long. First, as the Court held in its Order denying Defendant's motions under the Fair Sentencing Act, Defendant's conviction under 21 U.S.C. § 841(b)(1)(C) was not affected by the narrowing classifications imposed by the First Step Act. *See* [ECF No. 165]. *See also Terry v. United States*, 593 U.S. 486, 495 (2021) (holding that the "Fair Sentencing Act modified the statutory penalties only for subparagraph (A) and (B) [of § 841(b)(1)]" and not § 841(b)(1)(C)). Therefore, there has been no change in the law that would produce a disparity between the sentence Defendant received in 2010 and that which he would receive today. Moreover, Defendant's previous convictions for manslaughter with a deadly weapon and drug trafficking would still qualify him for a sentencing enhancement. Finally, Defendant was only sentenced to 228 months of imprisonment, well below the bottom of his 360-month guideline range. As a result, the Court finds that Defendant has not established an extraordinary and compelling reason for his early release.

### C. Danger to the Community

The Court also finds that Defendant is a danger to the safety of other persons and to the community. In making this determination, the Court considered: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and

---

[4] The United States maintains that the Sentencing Commission exceeded its congressionally delegated authority in promulgating subsection (b)(6). However, because the Court finds that Defendant cannot establish a change in the law that resulted in a gross disparity between his sentence in 2010 and that which he would receive now, it does not address whether the Commission exceeded its authority.

5

characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g).

As noted above, Defendant's criminal history includes a prior conviction for manslaughter with a deadly weapon (a firearm). [PSR at 9-10]. In addition to his criminal history, Defendant has also been disciplined while incarcerated on several occasions for crimes such as use of marijuana, failing to follow safety regulations, refusing to obey an order, possession of stolen property, and fighting with another person. [ECF No. 192]. Considering Defendant's prior criminal history and his conduct while incarcerated, the Court finds that Defendant remains a danger to the community such that a sentence reduction is not warranted.

### IV.  CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582 (c)(1)(A), [ECF No. 191], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of July, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE